UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JABARCO COLEMAN,

      Petitioner,

v.                                        CASE NO. 6:13-cv-1553-Orl-37GJK

SECRETARY, FLORIDA
DEPARTMENT OF
CORRECTIONS, et al.,

      Respondents.

_____

**ORDER**

Petitioner filed an amended petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. No. 5.) Respondents filed a response to the amended petition for writ of habeas corpus in compliance with this Court's instructions. (Doc. No. 11.) Petitioner filed a reply to the response. (Doc. No. 16.)

Petitioner alleges six grounds for relief. For the following reasons, the petition is denied.

## I.    *Procedural Background*

Petitioner was charged with possession of a firearm by a convicted felon. A jury found Petitioner guilty as charged. The trial court sentenced Petitioner as a habitual felony offender ("HFO") to a sixteen-year term of imprisonment with a three-year minimum mandatory term. Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam.*

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure.   The state court denied some of the claims and ordered an evidentiary hearing on three claims after which it denied those claims. Petitioner appealed.   The Fifth District Court of Appeal of Florida affirmed.

Petitioner filed a state petition for writ of habeas corpus alleging ineffective assistance of appellate counsel.   The Fifth District Court of Appeal of Florida summarily denied the petition.

Petitioner filed a motion to correct an illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure.   The state court denied the motion, and the Fifth District Court of Appeal of Florida affirmed *per curiam.*

## II.   Legal Standards

### A.   Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).   The phrase "clearly established Federal law," encompasses only the holdings of the Supreme Court of the United States "as of the time of the relevant state-

court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y, Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.    *Standard for Ineffective Assistance of Counsel*

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668

(1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id.* at 687-88.   A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.   *Id.* at 689-90.   "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done.   Nor is the test even what most good lawyers would have done.   We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial.   Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy.   We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court of the United States clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted).   Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."   *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### C.     *Exhaustion and Procedural Default*

One procedural requirement set forth in the AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law.   28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-22 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Specifically, the AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A)     the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)     (i)     there is an absence of available State corrective process; or
>
> (ii)     circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).   Thus, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law.   *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), *holding modified by Martinez v. Ryan*, 132 S. Ct. 1309 (2012).   In addition, a federal habeas court is precluded from

5

considering claims that are not exhausted but would clearly be barred if returned to state court.   *Id.* at 735 n.1 (stating that if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."   *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*, 404 U.S. at 275-76) (internal quotation marks omitted).   The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim.   *Snowden v. Singletary*, 135 F.3d 732 (11th Cir. 1998).   The Supreme Court of the United States has observed that "Congress surely meant that exhaustion be serious and meaningful."   *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).   Furthermore, the Court explained:

> [c]omity concerns dictate that the requirement of exhaustion is not satisfied by the mere statement of a federal claim in state court.   Just as the State must afford the petitioner a full and fair hearing on his federal claim, so must the petitioner afford the State a full and fair opportunity to address and resolve the claims on the merits.

*Id.*; *see also Henderson v. Campbell*, 353 F.3d 880, 898 n.25 (11th Cir. 2003) ("Both the legal theory and the facts on which the federal claim rests must be substantially the same for it

to be the substantial equivalent of the properly exhausted claim.").

Procedural default will be excused in two narrow circumstances.    First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default.    "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court."    *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999).   The Supreme Court of the United States has also held that if "a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim. . ." when (1) "the state courts did not appoint counsel in the initial-review collateral proceeding" or (2) "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective" pursuant to *Strickland*.    *Martinez*, 132 S. Ct. at 1318. In such instances, the prisoner "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."    *Id*.   Finally, to establish "prejudice" so as to warrant review of a procedurally defaulted claim, a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different.    *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, in which a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

## III. *Analysis*

### A. *Claim One*

Petitioner asserts that the trial court violated his right to due process by denying his motion for judgment of acquittal. Petitioner argues that the State failed to prove each of the elements of the offense, particularly actual possession of a firearm, because only circumstantial evidence was presented. Respondents argue that claim one is procedurally barred from review because it was not raised as a federal claim in the state courts.

The record demonstrates that on direct appeal Petitioner asserted that the trial court erred by denying his motion for judgment of acquittal. (Doc. No. 12-8 at 32-35.) However, Petitioner cited only to state cases in support of claim one, and his substantive

8

argument solely addressed Florida law.  *Id.*  Specifically, Petitioner argued that the State failed to meet Florida's standard for assessing the sufficiency of the evidence in wholly circumstantial cases.  *Id.*  None of the cases to which Petitioner cited was decided on federal grounds, and he did not indicate that he sought to raise a federal claim about due process.  *See Baldwin*, 541 U.S. at 32.

In *Pearson v. Secretary, Dept. of Corrections*, 273 F. App'x 847, 850 (11th Cir. 2008), the Court held that a claim raised in the state court regarding the denial of a motion for judgment of acquittal that was premised solely on state law was procedurally barred from review by the federal court.  Similar to *Pearson*, in this case Petitioner cited and argued only state law concerning the sufficiency of circumstantial evidence.  Nothing argued in the state court, therefore, would have alerted it to the presence of a federal claim.  Thus, claim one was not exhausted and is procedurally barred absent application of one of the exceptions.

Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has not shown the applicability of the fundamental miscarriage of justice exception.  A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar.  Therefore, claim one is procedurally barred.

Alternatively, even if this Court were to consider the merits of claim one, the state court's denial of this claim is neither contrary to, nor an unreasonable application of,

federal law.   The standard of review in a federal habeas corpus proceeding when the claim is one of sufficiency of the evidence was articulated in *Jackson v. Virginia,* 443 U.S. 307 (1979).   In *Jackson*, the Court concluded that when considering a claim of insufficient evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."   *Jackson*, 443 U.S. at 319; *Johnson v. Alabama,* 256 F.3d 1156, 1172 (11th Cir. 2001).   Federal courts may not reweigh the evidence.   *Jackson*, 443 U.S. at 319.   It is the duty of the trier of fact to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the facts.   *Id.*

At trial, Officers Randy Garrett and Matthew Fields testified that they observed Petitioner by himself in the yard of a residence.   (Doc. No. 12-1 at 30; Doc. No. 12-2 at 22.)   When they approached him to execute an arrest warrant, he ran to the carport of the house, and they followed him.   (Doc. No. 12-1 at 33.)   Officer Garrett saw Petitioner make a throwing motion as he approached the carport, then crouch in front of the truck in the carport, and subsequently rise with his hands in the air.   *Id.* at 33; Doc. No. 12-2 at 10.   Officer Fields saw an object fly from the carport area as he approached the carport. (Doc. No. 12-2 at 18.)   After Petitioner was secured, Officer Garrett checked the area in front of the truck and found a .357 handgun in a holster under an umbrella laying in front of the vehicle.   *Id*. at 3.   Officer Fields also searched the area where the object he observed fly by would have landed and found a .357 speed loader.   *Id*. at 20.   Viewing

the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of felon in possession of a firearm beyond a reasonable doubt.    Accordingly, claim one is procedurally barred and otherwise would be denied pursuant to section 2254(d).

> ### B.    *Claim Two*

Petitioner asserts that counsel rendered ineffective assistance by failing to depose, subpoena, and call as witnesses Dawvan Tolbert ("Tolbert"), Ruthie Miller ("Miller"), Carl Simmons, and Jamie Simmons.   Petitioner contends that these witnesses would have testified generally that they were in the yard/carport area when Petitioner was apprehended attending a BBQ and watching a football game and they did not see Petitioner place a handgun in front of the vehicle.

Petitioner raised this claim in his Rule 3.850 motion.    The state court denied relief after an evidentiary hearing.   (Doc. No. 12-11 at 57-59.)    The state court first determined that Petitioner failed to establish ineffective assistance for failing to call Tolbert and Miller as witnesses because Petitioner did not call them as witnesses at the Rule 3.850 hearing. *Id.* at 58.   With respect to Carl and Jamie Simmons, the state court noted that Petitioner testified that he had provided his attorney, Roger Weeden ("Weeden"), with the names of the Simmonses as witnesses.   *Id.*   However, Weeden testified that he did not recall Petitioner mentioning the Simmonses as potential witnesses and that if Petitioner had done so and asked for them to be called as witnesses, he would have included their names

on the witness list per his standard practice.   *Id.* at 59.   The state court did not find Petitioner's testimony to be credible.   *Id.*   Consequently, the state court concluded that Weeden was not aware of the Simmonses and thus was not deficient for failing to call them.   *Id.*

Initially, the Court notes that Petitioner has not offered any evidence in either this Court or the state court to demonstrate what testimony Tolbert or Miller would have provided.   "[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit.   A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim."   *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted)).   Thus, this claim is speculative as to Tolbert and Miller.

Furthermore, "[c]redibility determinations are factual findings and therefore 'are presumed to be correct absent clear and convincing evidence to the contrary.'"   *Guerra v. Sec'y, Dep't of Corr.*, 271 F. App'x 870, 871 (11th Cir. 2008) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).   Weeden testified that he did not recall Petitioner mentioning the Simmonses as potential witnesses.   (Doc. No. 12-11 at 7.)   Weeden said that his practice is to list any witnesses provided on the witness list, and he would have listed the Simmonses had Petitioner provided him with their names.   *Id.* at 7-8, 19, 44.   Petitioner has not demonstrated by clear and convincing evidence that the state court's factual

12

determination is incorrect.   Thus, counsel was not deficient for failing to call Carl and Jamie Simmons as witnesses.

Finally, Petitioner has not demonstrated he was prejudiced as a result of counsel's failure to call the Simmonses as witnesses.   Although the Simmonses testified that they and numerous others were present when Petitioner was apprehended and that they did not see him either possess or discard a firearm, they admitted they were long-time friends of Petitioner and their family had depended on Petitioner financially in the past.   (Doc. No. 12-10 at 85-86; Doc. No. 12-11 at 5.)   Therefore, the jury would have heard that the Simmonses had reason to testify on Petitioner's behalf.   Moreover, Ernesto Holmes and Labar Simmons testified at trial that they and others were present when Petitioner was arrested and they did not see him go in front of the vehicle in the carport or hide or throw anything.   (Doc. No. 12-3 at 23-29; Doc. No. 12-4 at 7-12.)   Therefore, the jury heard testimony similar to that of the Simmons' testimony but discounted it.   For these reason, a reasonable probability does not exist that Petitioner would have been acquitted had the Simmons testified.   Accordingly, claim two is denied pursuant to section 2254(d).

### C.    Claim Three

Petitioner contends that counsel rendered ineffective assistance by improperly advising him about his decision to testify.   In support of this claim, Petitioner argues that counsel told him the prosecution would be allowed to question him about the nature of his prior convictions if he testified.

13

Petitioner raised this claim in his Rule 3.850 motion.   The state court denied the claim after an evidentiary hearing.   (Doc. No. 12-11 at 59-60.)   The state court reasoned that Weeden testified that he advises his clients that if they testify, the prosecution can ask about the number of convictions they have but not the nature of the convictions.   *Id.* at 60.   The state court further noted that Weeden said he did not advise Petitioner that if he testified, the jury would learn the nature of his prior convictions.   *Id.*   The state court found Weeden's testimony to be more credible than Petitioner's testimony and concluded that Weeden was not ineffective.   *Id.*

Petitioner has not demonstrated by clear and convincing evidence that the state court's factual determination is incorrect.   Weeden testified that he always discusses with his clients whether they should testify.   (Doc. No. 12-11 at 9.)   Contrary to Petitioner's testimony, Weeden said that he would not have told Petitioner that the prosecutor was allowed to question him about the nature of his convictions.   *Id.* at 9, 18. Thus, counsel did not improperly advise Petitioner about his right to testify. Consequently, Petitioner has not established either deficient performance or prejudice. Accordingly, claim three is denied pursuant to section 2254(d).

### D.   *Claim Four*

Petitioner asserts that counsel rendered ineffective assistance in relation to the advice he provided regarding the State's plea offers.   In support of claim four, Petitioner makes two arguments.   First, he asserts that counsel improperly advised him that the

14

State's evidence was not sufficient to convict him and thus he should reject the State's three-year and one-year plea offers (claim four (a)).   Petitioner further argues that counsel failed to advise him that he qualified for a thirty-year sentence as an HFO prior to his rejection of the State's plea offers (claim four (b)).   Respondents assert that claim four (a) is procedurally barred from review because Petitioner failed to exhaust it in the state court.

In his Rule 3.850 motion, Petitioner asserted in ground three that counsel failed to advise him that if convicted at trial, he faced a thirty-year maximum sentence as an HFO. (Doc. No. 12-10at 17-18.)   Within ground three, Petitioner stated that counsel advised him in relation to the first plea offer that "he believed he could beat the charged offense due to the insufficiency of the evidence" and that Petitioner should reject the State's second plea offer because he could win the trial.   *Id.* at 18.   In addressing the claim after the evidentiary hearing, the state court focused on Petitioner's contention that counsel failed to advise him of the maximum sentence.   (Doc. No. 12-11 at 60-61.)   On appeal, Petitioner only argued that the state court erred by denying his claim that counsel rendered ineffective assistance by failing to advise him of the maximum sentence to which he was subject as an HFO.   (Doc. No. 12-11 at 70, 85-89; Doc. No. 12-12 at 45-49.)

Petitioner's failure to specifically raise this portion of claim four in his initial brief on appeal resulted in the abandonment of the claim.   *See Wood v. Tucker*, No. 5:10cv200/RS/EMT, 2012 WL 2511428, at *7 n.10 (N.D. Fla. May 31, 2012) (citing *Ward v.*

*State*, 19 So. 3d 1060, 1061 (Fla. 5th DCA 2009) (*en banc*) (holding that although state procedural rules do not require an appellant to file an initial brief on appeal from the summary denial of a Rule 3.850 motion, if an appellant does file an initial brief, the failure to raise certain issues in the brief results in the abandonment of those claims)); *see also Austin v. State*, 968 So. 2d 1049 (Fla. 5th DCA 2007) (holding claims not raised in appellate brief were abandoned).    Thus, claim four (a) is procedurally barred from review by this Court absent an exception to the procedural default bar.

Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has not shown the applicability of the fundamental miscarriage of justice exception.    A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar.    Therefore, claim four (a) is procedurally barred.[2]

With respect to claim four (b), the state court denied relief.    (Doc. No. 21-11 at 60-61.)    The state court reasoned that based on the testimony presented at the evidentiary hearing, Petitioner failed to demonstrate that counsel improperly advised him regarding the maximum sentence to which he was subject.    *Id*. at 61.    The state court further concluded that even if Petitioner was improperly advised, he failed to establish that he would have accepted the plea offers had he been properly advised of the maximum

---

[2] Alternatively, the Court notes claim four (a) would be denied on the merits because Petitioner has not demonstrated prejudice as discussed in claim four (b) *infra*.

16

sentence.   *Id*.   The Fifth District Court of Appeal of Florida affirmed *per curiam.*

In *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012), the Supreme Court of the United States held that the Sixth Amendment right to effective assistance of counsel extends to plea negotiations.   Therefore, "[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it."   *Lafler*, 132 S. Ct. at 1387.   The two-part test enunciated in *Strickland* applies to claims that counsel was ineffective during plea negotiations.   *Lafler*, 132 S. Ct. at 1384 (applying *Strickland's* two-part test to federal habeas petitioner's claim that counsel was ineffective for advising him to reject a plea offer); *Hill v. Lockhart*, 474 U.S. 52, 48 (1985) (applying *Strickland's* two-part test to defendant's challenge to his guilty plea based on ineffective assistance of counsel).

With respect to the prejudice inquiry, the Supreme Court held that the defendant must demonstrate a reasonable probability that: (1) he would have accepted a plea offer but for counsel's ineffective assistance; (2) the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it; and (3) the plea would have resulted in a lesser charge or a lower sentence.   *Lafler*, 132 S. Ct. at 1384–85.

In the instant case, Weeden testified that he was aware that Petitioner was subject to an HFO sentence if convicted and his normal procedure is to advise his clients about their sentence exposure as an HFO.   (Doc. No. 12-11 at 11-12.)   Weeden further testified that Petitioner was not interested in any plea offer that required a term of imprisonment.

17

*Id*. at 14-15, 17.

Additionally, Petitioner admitted he told Weeden that he was innocent of the offense and did not want to serve any prison time.   *Id*. at 30-31, 37.   Petitioner further testified that if he had been aware of the thirty-year HFO sentence to which he was subject, he "would have considered" the plea offers.   *Id*. at 33-34.

The state court's denial of claim four (b) is neither contrary to, nor an unreasonable application of, *Lafler*.   Counsel knew Petitioner was subject to an HFO sentence before the plea offers were made and stated that his normal practice is to discuss sentence exposure with his clients.   Thus, evidence was presented from which the state court could conclude that Petitioner had not established that counsel improperly advised Petitioner about his sentence exposure.

Furthermore, Petitioner has not established that a reasonable probability exists that he would have accepted either of the plea offers had counsel advised him of the maximum sentence exposure.   Petitioner maintained his innocence and told counsel he was not interested in a plea offer that included a term of imprisonment.   Most importantly, Petitioner did not testify that he would have accepted either of the plea offers had counsel told him about the HFO sentence exposure.   Instead, Petitioner said he would have considered the offers.   Consequently, Petitioner has not demonstrated either deficient performance or prejudice.   Therefore, claim four (b) is denied pursuant to section 2254(d).

18

### E.      Claim Five

Petitioner asserts that counsel rendered ineffective assistance by failing to object to the admission of two football schedules into evidence.   Petitioner contends the schedules were hearsay.   Respondents maintain that this claim is procedurally barred from review because it was never raised in the state court.

Petitioner did not raise this claim in the state court.   Thus, this claim is unexhausted.   To overcome the procedural default, Petitioner argues that he did not have counsel to assist him with his Rule 3.850 motion.

Petitioner has not established that this claim is a substantial one as required by *Martinez* because it is without merit.   When the State sought the admission of the football schedules, the trial judge stated "I understand the defense objects to that, and I'm overruling the objection. . . ." (Doc. No. 12-4 at 28.)   Thus, counsel objected to the admission of the football schedules.   Furthermore, a reasonable probability does not exist that the outcome of the trial would have been different had the objection been sustained.   Accordingly, claim five is procedurally barred from review.

### F.      Claim Six

Petitioner contends that his sentence is illegal.   In support of the claim, Petitioner argues that the State failed to prove that he was in actual possession of the firearm.

Petitioner raised this claim in a Rule 3.800(a) motion.   The state court denied the claim pursuant to state law.   (Doc. No. 12-16 at 50-51.)

A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief because no question of a constitutional nature is involved.   *See Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *Llamas-Almaguer v. Wainwright*, 666 F.2d 191 (5th Cir. 1982).    As stated by the Eleventh Circuit Court of Appeals in *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988), "*[i]n the area of state sentencing guidelines in particular*, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures."   (Emphasis added); *see also Nichols v. Estelle*, 556 F.2d 1330, 1331 (5th Cir. 1977) ("federal courts do not review a state's failure to adhere to its own sentencing procedures . . . .").   "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'"   *Branan*, 861 F.2d at 1508 (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976)).

Claim six is based exclusively on state law matters that are merely "couched in terms of equal protection and due process."   *Willeford*, 538 F.2d at 1198.   Because this claim raises matters of state law only, it must be denied.[3]

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

---

[3]Alternatively, claim six would be denied pursuant to section 2254(d).   The jury made a finding that Petitioner actually possessed a firearm.   (Doc. No. 12-6 at 26.) Moreover, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that Petitioner actually possessed a firearm.

## IV.    *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).    To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009).    When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed.   *Miller-El v. Cockrell,* 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.    Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable.    Petitioner has failed to make a substantial showing of the denial of a constitutional right.    Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.      The Amended Petition for Writ of Habeas Corpus (Doc. No. 5) filed by

Jabarco Coleman is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.      Petitioner is **DENIED** a Certificate of Appealability.

3.      The Clerk of the Court is directed to enter judgment accordingly and close

this case.

    **DONE AND ORDERED** in Orlando, Florida, this 21st day of May, 2015.


                                              ROY B. DALTON JR.
                                           United States District Judge


Copies to:
OrlP-1
Counsel of Record
Jabarco Coleman